UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRACY SCHUBERT,

    Plaintiff,

vs.                          Case No. 3:05-cv-104-J-25MCR

AMEC Civil LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a)(1).

### I. Background

Though difficult to discern based upon review of the Complaint, Plaintiff appears to set forth the following relevant allegations. Approximately two weeks after Plaintiff began working for Defendant, she was sexually assaulted by a male co-worker and subsequently, on a separate occasion, sexually harassed by her immediate supervisor. Plaintiff reported both incidents; however, Defendant allowed Plaintiff to remain in the hostile environment for several weeks prior to transferring her to another work unit. Though Defendant failed to take any disciplinary action against Plaintiff's co-worker and supervisor for their conduct, Defendant sent Plaintiff home without pay on at least three occasions as a result of her complaints. Shortly thereafter, Plaintiff was terminated by Defendant in retaliation for reporting the sexual assault and harassment. Plaintiff then

filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). After its investigation, the EEOC dismissed Plaintiff's complaint and provided Plaintiff with notice of her right to sue.

## II. Analysis

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

An *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). In reviewing the Complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, the Complaint sets forth Plaintiff's allegations in a rambling narrative style which make it difficult to determine exactly what claims Plaintiff asserts against

Defendant.[1] Additionally, the Complaint fails to cite any statute as a basis for her claim(s), but based upon its review, the Court assumes she is attempting to sue pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. S. §2000e et seq. ("Title VII"). Title VII makes it unlawful for an employer to discriminate against an employee with respect to any of the terms, conditions, or privileges of employment because of the employee's race, color, religion, sex, or national origin or because the employee filed a complaint of discrimination. See 42 U.S.C. §2000e-2(a).

Because courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980), the Court finds Plaintiff should be allowed an opportunity to amend her Complaint. In amending the Complaint, Plaintiff should be mindful that federal courts are courts of limited jurisdiction and unless Plaintiff can show this case arises under the Constitution, laws, or treaties of the United States, this Court will not have jurisdiction to hear the case as it appears both parties are residents of the state of Florida.

## III. CONCLUSION

For the foregoing reasons, the Court concludes Plaintiff's Complaint fails to state a claim upon which relief may be granted and as a result, the Court recommends it be dismissed without prejudice and recommends further that Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(e)(2) be denied at this time. In an

---

[1] Based on Plaintiff's allegations, possible claims include, sexual harassment, retaliation, sexual discrimination and hostile environment sexual harassment.

abundance of caution, however, the Court believes Plaintiff should be afforded an opportunity to file an amended complaint.

Accordingly, after due consideration, it is

**RECOMMENDED:**

Plaintiff's Affidavit of Indigency (Doc. 2), construed as a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), be **DENIED** without prejudice and Plaintiff's Complaint (Doc. 1) be **DISMISSED** without prejudice to allow Plaintiff the opportunity to file an amended complaint properly setting forth a cause of action. Should Plaintiff decide she is able to file an amended complaint, she shall do so no later than close of business, **March 28, 2005**. At that time, Plaintiff should also file a motion for leave to proceed in forma pauperis.[2] If Plaintiff fails to file an amended complaint by **March 28, 2005**, the undersigned will recommend to the District Judge that this case be dismissed with prejudice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 7th day of March, 2005.

MONTE C. RICHARDSON
United States Magistrate Judge

---

[2] For assistance in preparing pleadings and motions to file in this Court, Plaintiff is encouraged to review the Federal Rules of Civil Procedure as well as the Local Rules of this Court. The Federal Rules are available for review in the law libraries of the state and federal courthouses. The Local Rules are available for review on the public website for the U.S. District Court for the Middle District of Florida at www.flmd.uscourts.gov and may be purchased from the Clerk's Office.

Copies to:

Counsel of Record

Any Unrepresented Party